IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DWAYNE GILMORE, and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF NEW YORK, <br><br> Defendant. | Case No. <br><br> (Jury Trial Demanded) |

## COMPLAINT

### INTRODUCTION

Plaintiff, by and through his counsel, the law firms of McGillivary Steele Elkin LLP, and Spivak Lipton LLP, for his complaint against the City of New York ("City") states as follows:

### PARTIES

1. Plaintiff has given his written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b). Such written consent is appended to this Complaint as Exhibit 1. This written consent form sets forth plaintiff's name and address. The plaintiff brings this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) against the defendant City of New York, because of defendant's unlawful deprivation of plaintiff's right to overtime compensation pay in accordance with the FLSA.

2. Defendant City of New York is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). The City of New York has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007,

and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

5. Plaintiff is, and at all times material herein has been, employed by the New York City Department of Environmental Protection ("DEP"), City of New York, as a Motor Vehicle Operator ("MVO").

6. At all times material herein, plaintiff Dwayne Gilmore has worked at the DEP Ward's Island Wastewater Treatment Plant located at 7 Ward's Island Bridge, New York, NY 10035.

7. Plaintiff brings this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331, on behalf of himself and those similarly situated, to remedy the defendant's willful and unlawful violations of federal law complained of herein.

8. Plaintiff in this action while employed by defendant has been an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

9. Within the last three years and continuing to date, while working in the position of MVO on behalf of defendant City of New York and the DEP, the job duties of plaintiff Gilmore and all others similarly situated include but are not limited to performing pre-trip vehicle inspections, transporting DEP employees between work locations, delivering DEP mail, transporting construction materials, and transporting sewage, residual waste and water samples.

10. While working as an MVO, the plaintiff and all others similarly situated routinely work over 40 hours a week. However, the City fails to compensate plaintiff and all others similarly situated for all hours worked over 40 in a workweek at a rate of one and one-half times their regular rate of pay. Specifically, the City fails to compensate plaintiff and all others similarly situated for hours worked before the start of their scheduled shifts, after the end of their scheduled shifts, and during their 30-minute unpaid meal periods.

11. While working as MVOs, the plaintiff and all others similarly situated are occasionally compensated for hours worked over 40 in a workweek if the overtime hours were pre-approved. However, when the City compensates plaintiff and all others similarly situated for overtime hours that were pre-approved, the City systemically fails to pay plaintiff and all others similarly situated for this overtime work at the correct regular rate of pay.

12. The defendant captures the work hours of MVOs, including time spent working before their scheduled shift begins, on the defendant's timekeeping system, "CityTime," which is maintained at most MVOs work locations. CityTime tracks MVOs' work time on a minute-by-minute basis.

13. Plaintiff's timekeeping and payroll data is in defendant's exclusive possession and is not readily available to plaintiff. As Judge Castel recently explained in *Murray, et al. v. City of New York*, No. 1:16-cv-08072-PKC, a case that involves employees of defendant City of New York at the City's Department of Homeless Services ("DHS") who also use CityTime, plaintiff's, and all other employees working as MVOs for defendant, payroll data is not readily available to plaintiff and other MVOs because it "is maintained across various [agency] branches, not available for download or electronic transfer, not text-searchable, not maintained

for more than two years, and requires a separate search for each pay period." *Murray,* No. 1:16-cv-08072, Dkt. 66 at 3.

### *Uncompensated Pre-shift and Meal Period Work Performed by Plaintiff and All Others Similarly Situated*

14. While working as MVOs, plaintiff and all others similarly situated routinely work over 40 hours a week. MVOs are scheduled for 5 shifts of 8 hours and 30 minutes in length each week. Thirty minutes is automatically deducted each shift as an uncompensated meal period. Thus, plaintiff and all others similarly situated are scheduled to perform a minimum of 40 hours of work per workweek.

15. Plaintiff and all others similarly situated frequently work overtime in addition to their regular 40 hours of work per week performing their regular job duties for which they are not compensated. Specifically, they routinely work additional hours before the official start time of their regularly scheduled shifts, after the end of their regularly scheduled shifts, and they routinely work through their unpaid meal periods, all without compensation,. This pre-shift, post-shift and meal period work alone causes plaintiff and all others similarly situated to work in excess of 40 hours in each week because it has to be done in addition to working their regularly scheduled 40 hours per week shifts. Thus, plaintiff and all others similarly situated regularly work these additional uncompensated hours in workweeks in which they work over 40 hours.

16. Plaintiff and all others similarly situated begin work before the official start time of their shifts and perform pre-shift activities, including but not limited to the tasks listed in Paragraph 9 as well as preparing for their shift by retrieving equipment and vehicle keys and preparing the vehicle to transport people, supplies and sewage during their shift.

17. Plaintiff and all others similarly situated also work through their 30-minute unpaid meal periods performing the tasks listed in Paragraph 9 for which they are not compensated.

18. For example, plaintiff Gilmore routinely works over 40 hours in a workweek. When plaintiff Gilmore works over 40 hours, defendant fails to compensate him for work, including but not limited to when he is performing tasks enumerated in paragraphs 9, 16 and 17 before the official time his shift begins, after the official end time of his shift and during his meal periods. Plaintiff Gilmore is regularly scheduled to work from 4:00 a.m. to 12:30 p.m., five days per week. He arrives and begins working approximately 15 minutes before the start of every shift. During this time, he prepares for his shift by retrieving equipment for his work vehicle and retrieving the work vehicle keys, performing a pre-trip vehicle inspection and preparing the vehicle for his shift. Occasionally, plaintiff Gilmore cannot finish performing his duties during his regularly scheduled shift due to the volume of work and continues performing work for approximately 15 to 20 minutes past the end of his shift. When plaintiff Gilmore performs work for approximately 15-20 minutes past the end of his shift, he is not compensated for this time.. Additionally, plaintiff Gilmore works through his meal period approximately three times per week, performing the duties listed in paragraph 9.

19. For example, during the workweek ending on May 28, 2019, plaintiff Gilmore worked approximately 41 hours and 15 minutes, excluding his meal periods; 1 hour and 15 minutes of this time was uncompensated, although during this recorded work time, plaintiff Gilmore performed the work activities identified above. In another example, during the workweek ending on June 14, 2019, plaintiff Gilmore similarly worked approximately 41 hours and 15 minutes excluding his meal periods; again, 1 hour and 15 minutes of this time was uncompensated although during this recorded work time plaintiff Gilmore performed the work activities identified above. During these weeks in which he performed unpaid work duties recorded on CityTime, plaintiff Gilmore also performed work activities identified in paragraph

9 during his meal periods, causing to him to work in excess of 40 hours, for which he received no compensation.

***Vehicle Differentials and the Rate at Which Overtime is Paid to
Plaintiff and All Others Similarly Situated***

20.     Individuals employed by defendant at DEP in the positions of MVO are paid a night shift differential of ten percent (10%) of their basic rate of pay when they work more than one hour between 6 p.m. and 8 a.m. The night shift differential is taxed as ordinary income to the plaintiff and all other similarly situated.

21.     Individuals employed by defendant at DEP in the position of MVO who drive certain commercial vehicles are provided a shift differential in an amount ranging from $5.14 to $19.64 per shift, when they drive such vehicles while on duty. The amount varies depending on the type of vehicle they drive. The shift differential for driving certain vehicles is taxed as ordinary income to the plaintiff and all other similarly situated.

22.     During workweeks in which plaintiff and all others similarly situated work over 40 hours and are paid a shift differential for driving certain vehicles, defendant fails to include the vehicle differential pay and the night shift differential pay in the calculation of the regular rate of pay for cash overtime payments made to plaintiff and all others similarly situated pursuant to a systematic, Agency-wide practice.

23.     For example, during the workweek ending June 1, 2019, plaintiff Gilmore was paid night shift differential payment and worked 2 hours of pre-approved overtime for which he was compensated, but the night shift differential payment was not included in the regular rate at which defendant paid him overtime compensation for the hours he worked over 40 in that workweek.

## COUNT I

### FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

24.     Plaintiff hereby incorporates by reference paragraphs 1 through 23 in their entirety and restate them herein.

25.     At all times material herein, during those workweeks in which plaintiff and all others similarly situated have worked hours in excess of 40 hours a week, they have performed work activities, including but not limited to when they are performing tasks enumerated in paragraphs 9, 16 and 17, without compensation before the start of their shifts and after the end of their shifts, all of which is recorded on defendant's timekeeping system CityTime. Plaintiff and all others similarly situated also have performed work during their unpaid meal periods, causing them to work in excess of 40 hours in a given week. Accordingly, as a result of these pay practices, defendant has failed to provide plaintiff and all others similarly situated with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

26.     Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of forty hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate plaintiff and all others similarly situated for work that they have been suffered or permitted to work before the official start time of their shifts and during their uncompensated meal periods.

27.   As a result of defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiff and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for plaintiff and all others similarly situated are in the exclusive possession, custody and control of the defendant and its public agencies and the plaintiff and all others similarly situated are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to plaintiff and all others similarly situated from which the amount of defendant's liability can be ascertained.

28.   Pursuant to 29 U.S.C. § 216(b), plaintiff and all others similarly situated are entitled to recover liquidated damages in an amount equal to their back-pay damages for the defendant's failure to pay overtime compensation.

29.   Plaintiff and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

**FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY FOR PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED IN VIOLATION OF SECTION 7 OF THE FLSA**

30.   Plaintiff hereby incorporates by reference paragraphs 1 through 29 in their entirety.

31.   Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include certain premium payments such as night shift and vehicle differential pay in the regular rates of pay for plaintiff and all others similarly situated for purposes of computing overtime pay

entitlements. Defendant's failure to include vehicle differential pay and other forms of additional compensation in the regular rates of pay for plaintiff and all others similarly situated violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b). The failure to include vehicle differential pay in the regular rate of pay for plaintiff and all others similarly situated means that when plaintiff and all others similarly situated receive paid overtime for working over 40 hours a week, they are paid at a rate that is below the rate mandated by the FLSA.

32. As a result of the defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there have become due and owing to plaintiff, and all others similarly situated, an amount that has not yet been precisely determined. The employment and work records for the plaintiff, and all others similarly situated, reflecting such ongoing violations are in the exclusive possession, custody and control of defendant and its public agencies so the plaintiff and all others similarly situated are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiff and all others similarly situated from which the amount of defendant's liability can be ascertained.

33. Pursuant to 29 U.S.C. § 216(b), plaintiff and all others similarly situated are entitled to recover liquidated damages in an amount equal to their back-pay damages for the defendant's failure to pay proper overtime compensation.

34. Plaintiff and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands that his claims be tried before a jury.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff hereby prays that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated the statutory obligations plaintiff and all others similarly situated, and deprived the plaintiff and all others similarly situated of his and her rights under the FLSA;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiff and all others similarly situated are entitled;

(c) Award plaintiff and all others similarly situated monetary liquidated damages equal to their unpaid compensation;

(d) Award plaintiff and all others similarly situated interest on their unpaid compensation;

(e) Award plaintiff and all others similarly situated their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

Respectfully submitted,

*/s/ Sara L. Faulman*
Gregory K. McGillivary
Sara Faulman
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
slf@mselaborlaw.com

*/s/ Hope Pordy*
Hope Pordy
SPIVAK LIPTON, LLP
1700 Broadway
Suite 2100
New York, NY  10019
Phone: (212) 765-2100
hpordy@spivaklipton.com
