UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE GILMORE, et al.

        Plaintiffs,

        -against-

THE CITY OF NEW YORK,

        Defendant.

| USDC SDNY |
|---|
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 08/05/2020 |

19-CV-6091 (GBD) (BCM)

**REPORT AND RECOMMENDATION TO THE HON. GEORGE B. DANIELS**

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court is defendant's letter-motion dated July 17, 2020 (Def. Ltr.) (Dkt. No. 54), which the Court has construed, in relevant part, as a motion to dismiss the claims of plaintiff Rodney Taylor pursuant to Fed. R. Civ. P. 41(b). (*See* Dkt. No. 58.) Defendant asserts that it has been attempting to schedule Taylor's deposition for the past four months, to no avail. Although the fact discovery deadline was extended for the specific purpose of giving Taylor more time to appear, the extension expired with no progress. Def. Ltr. at 2. In their responding letter dated July 23, 2020 (Pl. Ltr.) (Dkt. No. 56), plaintiffs' counsel explain that Taylor has been "unresponsive" to their phone calls, text messages, emails, and regular mail "since April 2020." Pl. Ltr. at 1. For the reasons that follow, I respectfully recommend that defendant's motion be granted and that plaintiff Taylor's claims be dismissed without prejudice.

## Background

Lead plaintiff Dwayne Gilmore, a Motor Vehicle Operator (MVO) at the New York City Department of Environmental Protection (DEP), filed this action on behalf of himself and other MVOs employed by the DEP on June 28, 2019, seeking unpaid overtime wages and related relief pursuant to, *inter alia*, the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq*. Compl. (Dkt. No. 2) ¶¶ 24-34. On July 17, 2019, Taylor opted in as an additional plaintiff. (Dkt. No. 14 at 2; *see also* Dkt. No. 14-1 at ECF page 9.) On or about February 3, 2020, Taylor responded to

defendant's written discovery requests. Thereafter, however, he failed to respond to multiple requests to schedule his deposition, including numerous attempts by his own counsel to contact him for that purpose. Def. Ltr. at 2; Pl. Ltr. at 1. As of July 1, 2020 – two days before the then-scheduled close of discovery – the parties jointly requested a 2-week extension, until July 17, 2020, for the limited purpose of permitting certain plaintiffs to supplement their document production and completing "the final plaintiff deposition, Mr. Taylor." (Dkt. No. 48, at 2.)

Although the Court granted the discovery extension (Dkt. No. 49), the Taylor deposition did not occur. On July 14, 2020, plaintiffs' counsel advised defendant that they did not expect to secure Taylor's availability within the extended discovery deadline and acknowledged that his failure to appear "would lead to the City seeking to dismiss him." Def. Ltr. at 2; Pl. Ltr. at 1.

In its July 17, 2020 letter-motion, defendant requested a pre-motion conference concerning, *inter alia*, Taylor's failure to appear. Def. Ltr. at 1. In their July 23, 2020 responding letter, plaintiffs' counsel confirmed that they had been attempting to contact Taylor since April 2020, to schedule him for a deposition – and that in their communications they advised their client that he had an obligation to appear and warned him of the consequences for failing to do so – but that Taylor remained "unresponsive to these communications." Pl. Ltr. at 1. Counsel added that since they had been unable to reach Taylor, they could not "seek his voluntary dismissal from this case and therefore, he can only be dismissed by Court order." *Id*.

On August 3, 2020, during a telephonic discovery conference, the parties confirmed that Taylor has not participated in this action, in any capacity, since his responses to written discovery on February 3, 2020, and agreed that the Court could construe defendant's letter-motion as a motion to dismiss Taylor's claims.

2

## Analysis

"The inaction of . . . unresponsive opt-in plaintiffs . . . implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that '[i]f the plaintiff fails to prosecute or the comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.'" *Johnson v. Wave Comm GR LLC*, 2013 WL 992511, at *3 (N.D.N.Y. Jan. 29, 2013) (quoting Fed. R. Civ. P. 41(b)). *See also Martinez v. E&C Painting, Inc.*, 2008 WL 482869, at *4 (S.D.N.Y. Feb. 21, 2008) ("[A] plaintiff is obligated to prosecute his lawsuit, and if he fails to do so, dismissal may be warranted under Rule 41(b)[.]"). In considering dismissal of an action for failure to prosecute, courts in our circuit examine the following five factors:

> [1] the duration of plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999). "Generally, no one factor is dispositive." *Id.* (quoting *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994)).

In this case, Taylor has been absent from this litigation for over six months, as conceded by his counsel, including a period of four months during which the parties attempted to schedule his deposition without success. Taylor's inaction, along with other factors, required the parties to extend the discovery period – originally scheduled to close on March 11, 2020 (Dkt. No. 22 ¶ 4) – four times, most recently until July 17, 2020. (Dkt. Nos. 32 (at 10:22-11:4), 36, 45, 49.) Moreover, plaintiff has been warned, by his own counsel, that he is obligated to appear for

3

deposition and that his failure to do so could lead to a dismissal of his claims, in which case he would not be entitled to any damages even if other plaintiffs succeed in this action.  Pl. Ltr. at 1.

All necessary discovery has been completed except for Taylor's deposition and plaintiffs' supplemental document production, which must now be completed by September 2, 2020 (*see* Dkt. No. 58), making the case ripe for summary judgment or trial. It would prejudice Taylor's fellow plaintiffs, as well as defendant, to delay this action further in hopes of obtaining testimony from a plaintiff who does not appear interested in having "a fair chance to be heard" or otherwise pursuing his claims. *See Martinez*, 2008 WL 482869, at *6 (dismissing that claims of two FLSA plaintiffs who failed to respond to their counsel's communications or appear for deposition after noting that there were four other plaintiffs who "have cooperated with their attorneys" and who "deserve a chance to pursue this litigation with greater promptitude than would be likely if we allow the defaulting plaintiffs more time to change their minds"). By the same token, there is no reason to believe that a lesser sanction would be effective in obtaining discovery compliance from a plaintiff who has become unresponsive to his own counsel and appears uninterested in pursuing his claims. *See id*. at *5 ("It appears that [the non-responsive] plaintiffs have decided for their own reasons to abandon the lawsuit. Issue-based preclusive sanctions are thus almost certain to be futile, since all that they will accomplish is to keep part of this part of the lawsuit going, with attendant expense to the defendants and no change in the eventual outcome.").

A dismissal pursuant to Rule 41(b) may be either with or without prejudice. However, a dismissal with prejudice "is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Koehl v. Bernstein*, 740 F. 3d 860, 862 (2d Cir. 2014) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F. 3d 298, 302 (2d Cir. 2009) (per curiam)); *accord Ruiz v. Citibank, N.A*, 2014 WL 4635575, at *2

(S.D.N.Y. Aug. 19, 2014) (quoting *Agiwal*, 555 F.3d at 302)). In this case, defendant does not specifically seek, and the situation is not so "extreme" as to require, the ultimate sanction of dismissal with prejudice. *See*, e.g., *Martinez*, 2008 WL 482869, at *1 (dismissing claims of FLSA plaintiffs without prejudice after they repeatedly failed to appear for deposition). Accordingly, I recommend, respectfully, that defendant's motion be GRANTED and that plaintiff Taylor's claims be DISMISSED WITHOUT PREJUDICE.

Plaintiffs' counsel shall promptly serve a copy of this Report and Recommendation upon plaintiff Taylor at his last known mail and email address and shall file proof of such service on the Court's electronic docket.

Dated: New York, New York
      August 5, 2020

**BARBARA MOSES**
**United States Magistrate Judge**


## NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed on ECF. Due to the COVID-19 public health emergency, paper courtesy copies should *not* be delivered to the Hon. George B. Daniels or to the chambers of the undersigned magistrate judge. Any request for an extension of time to file objections must be directed to Judge Daniels. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review**. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x, 486, 487 (2d Cir. 2018); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).