USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE GILMORE, et al.,

        Plaintiffs,

-against-

THE CITY OF NEW YORK,

        Defendant.

19-CV-6091 (GBD) (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      By Order to Show Cause dated September 17, 2020 (OSC) (Dkt. No. 71), I directed opt-in plaintiff German Sosa to show cause in writing why his Fair Labor Standards Act (FLSA) claims should not be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) or 41(b) "for failure to produce his personal logbook, in which he kept track of his time working." OSC ¶ 1. In his October 1, 2020 responding letter (Pl. Oct. 1 Ltr.) (Dkt. No. 74) and accompanying declaration (Sosa Decl.) (Dkt. No. 74-1), Sosa concedes that at some point in 2019 he threw out his 2017 logbook because he "did not think [he] needed it any longer." Sosa Decl. ¶ 7. He contends, however, that no sanctions are warranted because he did produce his 2016 logbook (albeit not until September 28, 2020, *see* Pl. Oct. 1 Ltr. at 1), and because defendant City of New York (City) has not been prejudiced by the delay. *Id.* at 1-2.

      In its responding letter, dated October 9, 2020 (Def. Oct. 9 Ltr.) (Dkt. No. 77), the City argues that Sosa's OSC response is "woefully insufficient," and requests that a formal evidentiary hearing be conducted concerning his discovery failures or, alternatively, that terminating sanctions be imposed and that plaintiff Sosa's claims be dismissed. Def. Oct. 9 Ltr. at 1.

      As discussed in more detail below, Sosa's production of the 2016 logbook was inexcusably delayed, in that it occurred ten months after defendant first requested his logbooks; seven months after defendant's initial deficiency letter; four months after Sosa's deposition,

during which he described the logbook and his counsel promised to "follow up" on the request; three months after defendant's second (post-deposition) deficiency letter; eight weeks after I expressly ordered Sosa to produce his logbooks by September 2, 2020, on pain of sanctions; and almost four weeks after that September 2 deadline expired. The 2016 logbook did not materialize until eleven days after I issued the September 17, 2020 OSC. These delays prejudiced the City, which was required to expend significant resources in pursuing the logbook and had no opportunity to question Sosa about its contents during his deposition. Moreover, Sosa discarded his 2017 logbook, thus permanently depriving the City of relevant and potentially significant evidence. Sanctions are therefore in order. However, I do not find Sosa's discovery misconduct to be so severe as to warrant the ultimate sanction of dismissal of his claims.

Instead, I will exercise my "broad discretion in fashioning an appropriate sanction," *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002), to impose the following sanctions on plaintiff Sosa: (1) he shall pay defendant's reasonable expenses, including attorneys' fees, incurred in seeking and obtaining the court orders that culminated in his late production of the 2016 logbook; (2) he shall appear (at defendant's option) for a further two hours of deposition testimony; and (3) he shall pay defendant's reasonable expenses, including attorneys' fees, incurred in conducting the resumed deposition. If, after re-deposing Sosa, defendant believes that a preclusion order, an adverse inference instruction, or similar measures are warranted to lessen the prejudice to the City, it may seek relief from the District Judge at the time of trial.[1]

---

[1] Orders imposing discovery sanctions "are ordinarily considered non-dispositive, and therefore fall within the grant of [Fed. R. Civ. P.] 72(a), 'unless the sanction employed disposes of a claim.'" *Joint Stock Co. Channel* One *Russia Worldwide v. Infomir LLC*, 2017 WL 3671036, at *16 (S.D.N.Y. July 18, 2017) (quoting *Seena Int'l Inc. v. One Step Up, Ltd.*, 2016 WL 2865350,

**Background**

Lead plaintiff Dwayne Gilmore, a Motor Vehicle Operator (MVO) at the New York City Department of Environmental Protection (DEP), filed this action on June 28, 2019, on behalf of himself and other MVOs employed by the DEP, seeking unpaid overtime wages and related relief pursuant to, *inter alia*, the FLSA, 29 U.S.C. §§ 201, *et seq*. Compl. (Dkt. No. 2) ¶¶ 24-34. On July 17, 2019, Sosa opted in as an additional plaintiff (Dkt. No. 14 at 2; *see also* Dkt. No. 14-1 at ECF page 6), and on November 18, 2019, plaintiffs filed their First Amended Complaint (FAC) (Dkt. No. 23), in which they allege, among other things, that MVOs at the DEP "routinely" work more than 40 hours per week, "outside of their regularly scheduled shift," but are not paid time and a half for their overtime hours as required. *See* FAC ¶¶ 10-11.

On December 23, 2019, defendant served its initial document demands (the Demands). *See* Def. Ltr. dated Feb. 5, 2020 (Def. Feb. 5 Ltr.) (Dkt. No. 54-1), at 1. Demands No. 5, 12, and 13 sought "[a]ll logs, journals, diaries, or other documents maintained by Plaintiffs concerning the allegations in the Complaint or FAC"; "[a]ll documents or communications identifying the time worked by Plaintiffs, e.g., all diaries, journals, day-timers, day planners, calendars, e-mails, and other records that memorialize the time worked by Plaintiffs"; and "[a]ll documents or communications identifying the vehicle plaintiffs used during their scheduled shifts, e.g., all diaries, journals, day-

---

at *10 (S.D.N.Y. May 11, 2016)), *report and recommendation adopted*, 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017). Thus, a magistrate judge's authority to order (rather than recommend) a discovery sanction depends on the "sanction the magistrate judge actually imposes." *Id.* (quoting 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2, at 383 (Thomson Reuters 2014)). Because the sanctions that I am imposing do not dispose of any claims, I have the authority to issue a "written order," Fed. R. Civ. P. 72(a), rather than a Report and Recommendation.

timers, day planners, calendars, e-mails, and other records that memorialize the vehicle driven by Plaintiffs." *Id*. at 3.

On February 5, 2020, the City complained that plaintiffs had produced no documents in response to Demand No. 5 (seeking "[a]ll logs, journals, diaries, or other documents maintained by Plaintiffs concerning the allegations in the Complaint or FAC"), suggested that plaintiffs had yet to perform a "good faith search" for the documents, and requested that plaintiffs supplement their responses after doing so. Def. Feb. 5 Ltr. at 3-4. According to defendant, plaintiffs responded by "affirm[ing] that they had no responsive documents in their possession." Def. Ltr. dated July 17, 2020 (Def. July 17 Ltr.) (Dkt. No. 54), at 1.

On June 1, 2020, Sosa sat for deposition, during which he testified that he maintained a "personal logbook" in which he kept track of his working time. Sosa Dep. Tr. (Dkt. No. 77-2) at 28:8-24. Sosa added that he had not "used it in a while," "due to the COVID-19," and that he did not know "where I have it right now." *Id*. Sosa did not mention that he had used more than one logbook. Nor did he disclose that he had discarded one of his logbooks the year before. Unable to question Sosa further about the contents of the logbook he described, defendant's counsel renewed his request that any logbooks possessed by Sosa be produced, to which plaintiffs' counsel responded, "I'll follow up with him." *Id*. at 28:10-25.

Two weeks later, defendant sent another deficiency letter, noting that "many of the plaintiffs have testified at their depositions to maintaining journals concerning their shift assignments, overtime, and claimed time worked." Def. Ltr. dated June 15, 2020 (Dkt. No. 54-2), at 2. Defendant demanded that those documents be produced "immediately." *Id*.

One month later, Sosa had still not produced any logbooks. On July 17, 2020, defendant filed a letter-motion seeking an order compelling Sosa (and certain other plaintiffs) to produce

4

the documents described in the Demands. Def. July 17 Ltr. at 1-2. The City noted that many plaintiffs had testified, at deposition, "to maintaining journals concerning their shift assignments, overtime, and claimed time worked – all of which would have been directly responsive to these document demands." *Id*.

On August 3, 2020, after a discovery conference, I ordered Sosa and two other plaintiffs, Lester Sykes and Michael Bryant, "to produce all documents responsive to defendant's document demands No. 5, 12, and 13, including but not limited to, the responsive documents they described at their depositions, no later than **September 2, 2020**." Order dated August 3, 2020 (Aug. 3 Order) (Dkt. No. 58) at 1 (emphasis in the original and footnote omitted). I noted that the documents were already "significantly overdue" and warned that "**[a]ny failure to produce them within the deadline set by this Order may lead to substantial sanctions**." *Id*. (emphasis in the original).

Sykes produced documents on September 2, 2020, but Sosa and Bryant did not. On September 8, 2020, defendant filed a letter-motion (Def. Sept. 8 Ltr.) (Dkt. No. 67) seeking terminating sanctions against Sosa and Bryant for their continued failure to produce documents, in particular their "journals concerning their shift assignments, overtime, and claimed time worked." Def. Sept. 8 Ltr. at 2-3. On September 16, 2020, Bryant voluntarily dismissed his claims pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (Dkt. No. 70.) On September 17, 2020, after another conference, I issued the OSC, which specifically directed Sosa to address why he failed to produce his logbook (a) prior to his June 1, 2020 deposition, (b) after the deposition, or (c) following the August 3 Order, as well as any efforts he made to preserve and produce the logbook and other discoverable documents in this case. *Id*. ¶ 1.

In his responding declaration, Sosa attests that he used his City-issued daily planner, which he called a logbook, to record his work assignments "[u]ntil 2017." Sosa Decl. ¶¶ 5-7. He used the logbook "primarily to record the activities and assignments that I performed each day." *Id*. ¶ 5. It was not his "practice" to record "specific times I started and stopped working." *Id*. Use of the logbooks was optional, and Sosa stopped using them in 2017. *Id*. ¶¶ 6-7. At some point in 2019, while cleaning out his locker, Sosa threw out his 2017 logbook. *Id*. ¶ 7. He does not state whether this was before or after he opted in to this action on July 17, 2019. On January 8, 2020, during a phone interview with his attorney "to comply with the City's [Demands]," the attorney asked if Sosa had any personal diaries, journal, or calendars identifying his time worked. *Id*. ¶ 2. Sosa mistakenly replied that he did not, because "at that time, [he] was not using any personal diaries, journals or calendars to record any work time." *Id*. ¶ 2-3. After Sosa acknowledged during his deposition that he did have a logbook (but did not know where it was), his attorneys instructed him to "search for the logbooks and provide a copy if [he] found any of the logbooks." *Id*. ¶ 4. Sosa was ultimately successful, after a "thorough search," in locating his 2016 logbook, which was then produced to defendant. *Id*. ¶ 8. Sosa does not state where he found the 2016 logbook or why the search took as long as it did.

## Analysis

Both Rule 41(b) and Rule 37(b) authorize a federal trial court to dismiss a plaintiff's claims as a remedy for discovery misconduct. In FLSA cases, "[t]he inaction of . . . unresponsive opt-in plaintiffs . . . implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.'" *Johnson v. Wave Comm GR LLC*, 2013 WL 992511, at *3 (N.D.N.Y. Jan. 29, 2013) (quoting Fed. R. Civ. P.

41(b)). Similarly, Rule 37(b)(2)(A) permits the court to issue "further just orders," up to and including "dismissing the action or proceeding in whole or in part," if a party "fail to obey an order to provide or permit discovery."

Dismissing a plaintiff's claims for failure to comply with discovery orders – whether under Rule 41 or Rule 37 – is "a harsh remedy to be used only in extreme situations." *Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of New York*, 86 F. App'x 441, 442-43 (2d Cir. 2004) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)). *See also West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)) ("because dismissal is a 'drastic remedy,' it 'should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions.'"); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)) ("[A] Rule 41(b) dismissal remains 'a harsh remedy to be utilized only in extreme situations.'")

In considering a motion for dismissal "based on the failure to comply with a court order, or the failure to comply with discovery," the relevant factors, to be considered by the trial court, include:

> (1) the duration of the offending conduct, (2) whether notice was given that the conduct could result in dismissal, (3) whether the conduct prejudiced the movant, (4) the balance of the court's need to manage its docket against the parties' interests in being heard on the merits, and (5) the possibility that a lesser sanction would be effective.

*Sterling*, 86 F. App'x at 443.

In this case, the duration of Sosa's offending conduct is significant. The Demands were served on December 23, 2019, but Sosa did not produce his 2016 logbook for nine months, until

7

September 28, 2020, following two deficiency letters, an order compelling production (which expressly warned him that "substantial sanctions" could result if he failed to produce them by September 2, 2020), and an OSC. Further, the production itself was, by Sosa's own admission, incomplete, because he had thrown out his 2017 logbook sometime in 2019, Sosa Decl. ¶ 7, and produced only his 2016 logbook. *Id.* ¶ 8. Sosa's failure to detail any efforts that he took "to preserve and produce" his 2017 logbook, OSC ¶ 1(d), coupled with his silence as to when in 2019 he threw it out, suggests that he did so improperly, after he opted in to this action as a plaintiff on July 17, 2019, or planned to do so. *See Pizzella v. Liberty Gas Station & Convenience Store, LLC*, 410 F. Supp. 3d 425, 431-32 (N.D.N.Y. 2019) (assessing spoliation sanctions against FLSA defendants who lost or destroyed employee time cards after suit was filed, at which point they "had an obligation to preserve the daily time records at issue").

The prejudice to the City may also be significant. Not only was it required to spend time and money pursuing evidence that should have been produced much earlier; it is clear from Sosa's 2016 logbook that he used it to record when he "worked overtime," and that on at least one occasion he wrote down the precise overtime hours he worked. (Dkt. No. 77-1.) To the extent he recorded similar information in his 2017 logbook, the City has been permanently deprived of that potentially important evidence.

However, Sosa did not wholly ignore his discovery obligations. He sat for deposition, responded to written discovery, and produced some documents, including – ultimately – his 2016 logbook. I therefore conclude that his conduct is not so extreme as to warrant the ultimate sanction of dismissal of his claims. *Compare Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (affirming dismissal where plaintiff defied all of the presiding judge's orders over a six-month time period, failed to comply with any discovery requests, failed to appear for

8

three scheduled depositions, and had already been assessed lesser sanctions, to no avail) *with West*, 167 F.3d at 779-80 (vacating dismissal, even though plaintiff spoliated evidence that was "essential" to defendants' "central defense," and remanding with instructions that the district court consider whether lesser sanctions could "fully protect [defendants] from prejudice"). Moreover, because sanctions short of dismissal do not require a finding of willfulness, the Court deems an evidentiary hearing unnecessary. *Jay v. Spectrum Brand Holdings, Inc.*, 2015 WL 6437581, at *6 (S.D.N.Y. Oct. 20, 2015) (noting that a court may "in its discretion" hold an evidentiary hearing on a motion for sanctions, and it is only required where "the court imposes sanctions that require a finding of willfulness"). I further conclude that there are lesser sanctions that I can impose on Sosa, as detailed below, that will substantially ameliorate the prejudice to defendant.

### Remedy

First, Sosa will be required to pay defendant's reasonable expenses, including attorneys' fees, incurred in seeking and obtaining the August 3 Order, the OSC, and this Order. *See Jay*, 2015 WL 6437581, at *12 (noting that the mildest sanction under Rule 37(b) is an order directing the violating party "to reimburse the opposing party for expenses caused by that violation.").

Monetary sanctions are not sufficient, of course, to cure the prejudice flowing from defendant's inability to examine Sosa during his June 1 deposition concerning the content of his logbooks. Accordingly, Sosa will also be required to appear – at defendant's option – for a resumed deposition of up to two hours, during which defendant may question Sosa about both of his logbooks (including the fate of the 2017 logbook).

Finally, should defendant exercise the option to resume the Sosa deposition, Sosa must pay defendant's reasonable expenses, including attorneys' fees, incurred in doing so. *See Bath and Body Works Brand Mgmt., Inc., v. Summit Entertainment, LLC*, 2012 WL 5278528, at *2 (S.D.N.Y. Oct. 23, 2012) (allowing movant to take an additional deposition, or re-depose a witness with knowledge of late-produced documents, at the withholding party's expense); *Zubulake v. UBS Warburg LLC*, 220 F..R.D. 212, 222 (S.D.N.Y. 2003) (directing the party that committed discovery misconduct to pay the costs associated with re-deposing witnesses in order to question them about newly-discovered e-mails and inquire into issues raised by the destruction of evidence).

Defendant shall promptly inform plaintiffs whether it wishes to re-depose Sosa; if so, the resumed deposition shall take place within 30 days of the date of this Order. Defendant shall submit a single fee application in connection with this Order, which shall be filed no later than **January 8, 2021** if there is no resumed Sosa deposition and no later than **January 29, 2021**, if there is a resumed Sosa deposition. All sums requested must be supported by admissible evidence, including properly authenticated copies of counsel's relevant time and expense records. Sosa may file responding papers, limited to the amount of fees and costs to be awarded, no later than **14 days** following the filing of the fee application. There shall be no reply.

If, after re-deposing Sosa, defendant believes that further measures are warranted to cure or ameliorate the prejudice resulting from the misconduct, it may seek relief from the District Judge, at the time of trial.

The Court notes that the District Judge has stayed dispositive motion practice until resolution of the issues addressed by this order. (*See* Dkt. No. 79.) If the City does not wish to re-depose Sosa, the parties shall promptly advise the District Judge by letter that dispositive motion

practice can commence. If defendant does wish to re-depose Sosa, the parties shall advise the District Judge by letter, promptly after concluding the resumed Sosa deposition, that dispositive motion practice can commence.

## Conclusion

It is hereby ORDERED that plaintiff Sosa shall be sanctioned in the manner set forth above.

Dated: New York, New York
       December 18, 2020                    **SO ORDERED**

**BARBARA MOSES**
**United States Magistrate Judge**